**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<u>**NOT FOR PUBLICATION**</u>

|  |  |  |
|---|---|---|
| COLLEZIONE EUROPA U.S.A., INC. | : | |
| | : | Civil Action No. 06-4929 (GEB) (ES) |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| AMINI INNOVATION CORP. | : | <u>**OPINION AND ORDER**</u> |
| | : | |
| Defendant/Counterclaimant. | : | **August 26, 2009** |
| _____ | : | |

<u>**SALAS, UNITED STATES MAGISTRATE JUDGE**</u>:

## I. INTRODUCTION

Plaintiff Collezione Europa U.S.A., Inc. ("Collezione") and Defendant Amini Innovation Corp. ("AICO") are no strangers to each other in litigation. The instant action, spawned by another, was brought by Collezione against AICO in this Court seeking, among other things, a declaratory judgment that it has not infringed on patents or copyrights owned by AICO. In turn, AICO counterclaimed against Collezione asserting, among other things, copyright and patent infringement. AICO's counterclaims are the subject of this motion, as it now seeks to amend its answer to include new counterclaims by adding two new claims of copyright infringement and in addition, by joining two individuals as defendants.

For the reasons set forth below, AICO's motion will be granted in part, and denied in part. To summarize this Court's holding, AICO's motion to add two new claims of copyright infringement is denied. Its proposed amendment to add Leonard Frankel and Paul Frankel as Counterclaim Defendants is granted.

1

## II.  BACKGROUND

### A.    *Ancillary Actions and the Instant Action*

Both parties are furniture manufacturers.  This action was filed by Collezione on October 13, 2006.  It is the outgrowth of another action filed by AICO against Bel Furniture, a retailer of Collezione products, in the U.S. District Court for the Southern District of Texas on May 5, 2006.  AICO alleged that Bel Furniture was selling infringing Collezione products, specifically the 6500 furniture collection, that AICO alleged infringed on its Francaise furniture collection.  AICO sought injunctive and monetary relief in that action against Bel Furniture.  Collezione was not originally named in Texas action.

In the meantime, Collezione brought the instant action against AICO and subsequently, AICO named Collezione as a defendant in the Texas action.  By then, however, AICO had settled its claims with Bel Furniture, so the balance of the Texas Court action against Collezione was transferred to this Court.  Choosing to litigate elsewhere, AICO brought a new action against Collezione and three of its retailers in California.  In October 2007, the California court stayed that action in favor of the litigation here.

On November 5, 2007, AICO filed its Answer and Counterclaim against Collezione (and later amended it on December 21, 2007).  The instant motion to assert a Second Amended Counterclaim was filed on December 30, 2008.

### B.    *Collezione's Bankruptcy*

Discovery has never commenced in this case due to the extensive motion practice before

this Court and to Collezione's bankruptcy.[1]  Specifically, Collezione filed for bankruptcy under Chapter 11 of the Bankruptcy Code on or about February 29, 2008, subjecting the instant action to the automatic stay provision of the Bankruptcy Code.  On March 27, 2008, AICO filed in the bankruptcy case a proof of claim seeking $2,000,000 arising out of the instant litigation. Importantly, AICO filed its proof of claim before the bar date of July 1, 2008.  On May 6, 2008, the Bankruptcy Court of the District of New Jersey granted AICO relief from the automatic stay provision so that it could assert its rights in this action.  On November 18, 2008, Collezione filed its plan of reorganization with the Bankruptcy Court.  Collezione's plan was approved by the Bankruptcy Court on March 13, 2009.

**C.      *The Interplay Between the Bankruptcy Proceeding and the New Counterclaims***

AICO seeks to add two counterclaims asserting two new copyright infringement claims ("the New Copyrights").  First, AICO alleges that Collezione has infringed on copyright VA-623-887 which was registered on November 27, 2007, designated as a Cortina Armoire.  Second, AICO avers that Collezione has infringed on copyright VA-623-886 which was registered on November 27, 2007, designated as a Cortina Night Stand.

Importantly, these copyrights were registered before Colliezone's bankruptcy petition was filed.  They did not serve as a basis for AICO's copyright infringement claims in either its Counterclaim or its First Amended Counterclaim.   The New Copyrights are, indeed, the gravamen of the Proposed Second Amended Counterclaim AICO seeks to file in this Court. Thus, when AICO filed its proof of claim in the Bankruptcy Court arising out of this litigation, it

---

[1]Pending before the District Court are AICO's motion to transfer this case to the Central District of California [Dkt. 21], Collezione's motion for a more definite statement [Dkt. 24], and Collezione's motion to dismiss a number of AICO's Third, Fourth, Fifth, and Six Counterclaims [Dkt. 38].

3

was only doing so based on the claims it had in this Court at that time.  Accordingly, the New

Copyrights asserted in this case are tantamount to an amendment of AICO's original proof of

claim.

**D.**    ***Even More Litigation and the Frankels***

In 2004, Universal Furniture International, Inc. ("UFI") brought suit against Collezione in

U.S. District Court for the Middle District of North Carolina.  In that proceeding, Leonard and

Paul Frankel, the principals of Collezione, were deposed in 2006.  The parties dwell on the

nature of their deposition testimony, but this is largely irrelevant to the amendment analysis as set

forth below.  Suffice it is to say that AICO alleges that the Frankels are personally responsible for

the alleged infringement and should be subject to personal liability in this litigation.  By way of

amendment, they seek to bring them in this case.

## III.   DISCUSSION

**A.**    ***The New Copyrights***

Because what AICO seeks to do in practical terms is to amend its proof of claim,

bankruptcy law governs.  "The Bankruptcy Rules contain no provision governing amendment of

a proof of claim." *Northeast Office and Commercial Properties, Inc. v. Smith Valve Corp. (In re*

*Northeast Office & Commercial Properties, Inc.*), 178 B.R. 915, 921 (Bankr. D. Mass 1995).  As

Collezione is formally objecting to AICO's amendment, it would be treated as an adversary

proceeding in Bankruptcy Court.  *See* Fed R. Bankr. P. 3007.  Thus, as the *Northeast Office* court

held, because it would be treated as such a proceeding, Fed. R. Civ. P. 15 applies.  *See also In re*

*Enron Corp.*, 328 B.R. 75, 87 (Bankr. S.D.N.Y. 2005) (analyzing post-bar date amendments

under Fed. R. Civ. P. 15).  As the bar date has come and gone, infringements of the New

4

Copyrights can only be asserted if they relate back to the original claims made in AICO's proof of claim.  Rule 15 states, in pertinent part:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . .

Subsection A does not apply, as there is no applicable statute of limitations (the bar date fixes the date certain).  *Northeast Office*, 178 B.R. at 922.  Thus, the Court must decide whether the amendment asserts a new claim that "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed R. Civ. P. 15(c)(B).  For the reasons set forth below, the Court concludes that it does not.

For a newly added claim to relate back, "the basic claim must have arisen out of the conduct set forth in the original pleading."  *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation marks omitted).  There is a dearth of caselaw on whether or not separate and distinct copyright infringements, of different products, arise out of the same transaction or occurrence.  The Court finds that using patent law as an analog is appropriate in this case, as both types of claims involve potentially infringing products that enter the stream of commerce.  *Cf. ESP Shibuya Ent., Inc. v. Fortune Fashion Industries*, No. 08-3992, 2009 WL 1392594, at *3 (D.N.J. May 15, 2009) ("[p]atent infringement is a useful analog to trademark infringement because both types of cases revolve around products entering the stream of commerce and complaints, leading to litigation, arising thereto").

"The Federal Circuit has not yet determined whether or under what circumstances the 'relation back' doctrine applies to patent infringement claims where the amendment adds claims involving different patents." *Mann Design Ltd. v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1178 (D. Minn. 2001). Since the *Mann* decision was decided in 2001, the Federal Circuit has yet to address the question. *See Halo Electronics v. Bel Fuse, Inc.*, No. 07-6222, 2008 WL 1991094, at *2 (N.D. Cal. May 5, 2008). A number of district courts have provided guidance, however, and a consensus has emerged: a new claim of infringement involving another patent only "is the same 'conduct or occurrence' . . . only where the second patent was part and parcel of the controversy surrounding the earlier patent." *Mann*, 138 F. Supp. 2d at 1178 (quoting *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980)). The Court agrees that the "part and parcel" analysis obtains in the copyright context, as well, because new copyrights could, in some instances, be natural outgrowths of old copyrights (e.g., a new lyrical arrangement or other update to a copyrighted song) and thus arise out of the same occurrence or transaction.

This begs the question, are these new assertions of infringement "part and parcel" of the earlier allegations of infringement involving different products? To be sure, the New Copyrights, which register Cortina brand products, are of the same Cortina brand that AICO originally named in its First Amended Counterclaim [Dkt. 42 at pg. 28]. While it is a close question, the Court cannot state with confidence that the New Copyrights are part and parcel of the controversy surrounding the earlier allegations of infringement. The New Copyrights concern two completely different products. In this regard, the *Mann* court's discussion of "part and parcel" is instructive.

*Mann* was a declaratory judgment action seeking to declare three of Defendant Bounce's

patents involving pet toys invalid.  Pending at the same time was an ancillary and related patent infringement action brought by defendant Bounce in the District of Colorado for patent infringement.  *Id.* at 1176.   The primary patent at issue was the '061 patent held by Bounce.  In the *Mann* action, Bounce filed a statement of non-liability regarding the '061 patent, asserting that Mann was neither liable for any past, present, or future infringement of the '061 patent.  *Id.*  Two other patents held by Bounce however – the '559 and '053 patents – were still the subject of the action in Colorado, as well as the subject of *Mann* in Minnesota.  The Court had to determine, in light of the non-infringement declaration regarding the '061 patent, whether or not the '559 and '053 could stay in the case depending whether they arose out of the same transaction or occurrence of the '061 patent.  *Id.* at 1178-79.  The Court considered whether these patents were "part and parcel" of the '061 patent.  *Id.* at 1178.  The Court held that they were not.  *Id.* at 1178-80.

Although the Court held that the '053 was a "continuation" of the '061 patent, it could not be considered "part and parcel" of the '061 patent because Mann failed to offer any evidence that it "involve[d] a common core of operative facts, or whether the same underlying evidence offered in support of the original claim will prove the new claim."  *Id.* at 1179.

So too, here.  AICO has offered no evidence to this Court – indeed far short of anything that would demonstrate that the New Copyrights were "continuations' of old copyrights – that the New Copyrights, comprised of completely separate products involve a common core of operative facts.  There are completely different copyrights of completely different products.  AICO has thus failed to make a showing that the New Copyrights are part and parcel of the original claims asserted.  Because they are out of time with the assertion of the New Copyrights, they have to

7

relate back – arise out of the same transaction or occurrence – to the original claims.  They simply do not.

The Court also considers the implications of a contrary holding: if the Court were to allow amendments that are out of time to relate back that involve entirely different copyrights for entirely different products, a party could readily evade a statute of limitations by bootstrapping stale copyright claims onto ones that are fresh, thus allowing the exception to swallow the rule. Such a holding would render the statute of limitations a nullity in copyright cases.[2]

This is especially so in a case where allowing the amendment would have the practical effect, as stated above, of allowing a post-bar date amendment to a bankruptcy claim.  Such amendments are not taken lightly by courts.  Evaluating the factors that courts employ when analyzing the claim strongly supports this Court's conclusion that the amendment is not appropriate here.  Amendments are allowed, generally, "where the purpose is to cure a defect in the claim as originally filed, to describe the [original] claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re Enron Corp.*, 328 B.R. at 86.  None of the three factors are applicable in the instant litigation.  The addition of the New Copyrights does not serve to cure a defect, does not seek to describe a previous claim with more particularity, nor does it plead a new theory of recovery based on facts already set forth in the original claim.

Simply stated, the proposed amendments assert entirely new claims of infringement involving two separate copyrights.  The Supreme Court has long since held that "[e]ach copyright

---

[2]Moreover, another court has taken an even sharper view, holding that the alleged infringement of one patent surely does not arise out of the same transaction or occurrence as the infringement of an entirely different one. *Illinois Tool Works v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974).

is treated as a *distinct entity*, and the infringement of it as a *distinct wrong* to be redressed through the enforcement of this liability . . . the plain import of the statute is that this liability attaches in respect of *each copyright that is infringed*." *Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 105 (1919) (emphases added).  The distinctiveness of the copyrights at issue here leads this Court to the conclusion that the New Copyrights cannot relate back to the original counterclaims pleaded in this case.  Accordingly, the motion to amend on this point is denied.

**B.    *The Frankels***

Collezione mounts both an undue delay argument to bringing Leonard Frankel and Paul Frankel into the case, as well as a futility argument but only as against Paul Frankel.  Each will be discussed in turn.

**i.    Undue Delay**

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Id.*  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir.2006) (internal citations omitted).

Delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001).  Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay

appropriate. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir.1984). Moreover, unless the delay at

issue will prejudice the non-moving party, a movant does not need to establish a compelling

reasons for its delay. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663

F.2d 419, 426 (3d Cir.1981).

There was no undue delay here, and even assuming there was, there is no prejudice to

Collezione.  This case, despite being filed three years ago, is in its infancy.  There has been no

scheduling conference.  No depositions have been taken.  Indeed, this is due to the extensive

motion practice that has taken place in this Court.  In like instances, courts in this district routinely

grant motions to amend where a case is in its early stages.  *See, e.g.*, *Celgene Corp. v. Teva

Pharm. USA, Inc.*, 07-4459, 2008 WL 5100576 (D.N.J. Nov. 26, 2008) (granting a motion to

amend where discovery was in its infancy and no depositions had yet taken place); *B.A.T. Wear,

Inc. v. Resourcing America, Inc.*, No. 04-2612, 2006 WL 3193757, at *2 (D.N.J. Nov. 1, 2006)

(granting a motion to amend where the action was "still in its preliminary stage" and discovery

had not yet taken place).  The same analysis obtains here.  Collezione's undue delay argument

fails.

### ii.    Futility

"'Futility' means that the complaint, as amended, would fail to state a claim upon which

relief could be granted.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d

Cir.1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  To

determine whether a proposed amendment is futile the Court applies the same standard as a

motion to dismiss under Rule 12(b)(6).  *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.,

Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005).  The Court therefore most accept all factual

10

allegations as true "as well as the reasonable inferences that can be drawn from them."  *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

Collezione argues that bringing Paul Frankel[3] into the case would be futile because there is no way he could be on the hook for copyright infringement.  (Pl.'s Opp'n Br. 17.)  It cites deposition testimony where Frankel states that he was on the business end of things rather than the design/development end.  (Pl.'s Opp'n Br. 18.)  On the other hand, AICO argues that it does, in fact, state a valid claim against Paul Frankel and cites other deposition testimony stating that he was an integral part of the business and had a hand in some design.  (Deft.'s Br. 11.)

With these competing declarations by the parties, accepting AICO's allegations as true, and drawing all reasonable inferences from them, the Court cannot say that adding Paul Frankel as a defendant would be futile at this juncture.  As co-principal of Collezione, one can reasonably make the inference that he may be liable for the alleged infringement.  Those other than direct infringers can be held liable under the Copyright Act.  *See EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 506 (E.D. Va. 2009) ("[t]here seems to be no dispute among courts that a person can, in certain circumstances, be found to have infringed a copyright based on the acts of another").  Indeed, such secondary liability can exist when a defendant  "possess[es] the right and ability to supervise the infringing conduct [and] . . . ha[s] "'an obvious and direct financial interest in the exploitation of copyrighted material.'"  *Id.* at 507 (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.1963)).

Plaintiff has thus stated a claim against Paul Frankel.  The motion to amend is therefore

---

[3]Collezione does not argue futility as to Leonard Frankel.  Because the undue delay argument fails (as to both), the motion to amend will be granted as to both parties if the futility argument fails as against Paul Frankel.

granted as to both Leonard and Paul Frankel.

## IV.   CONCLUSION

For the foregoing reasons, AICO's motion to file a Second Amended Counterclaim is granted in part, and denied in part.  Specifically, AICO cannot assert the New Copyrights as bases for infringement, but it may amend as to Leonard and Paul Frankel.

s/ Esther Salas
**Honorable Esther Salas**
**United States Magistrate Judge**